IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONALD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:19-CV-200-WKW-SMD |
| | ) |
| ROBERT WILKIE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 20, 2019, Plaintiff filed a Complaint (Doc. 1) against several members of the Department of Veterans Affairs alleging, *inter alia*, violations of his constitutional rights. (Doc. 1) at 2. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2), which was denied by Order (Doc. 8) of this Court on March 5, 2019. In the Order denying Plaintiff's Motion to Proceed *in Forma Pauperis*, the undersigned directed Plaintiff to pay the $400.00 filing fee, on or before April 19, 2019. (Doc. 8). Plaintiff was specifically warned that "if he fails to pay the requisite fee, this case may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or under the Court's inherent authority." *Id.* Plaintiff has yet to pay the filing fee and the deadline for doing so has passed. Even when representing themselves, *pro se* litigants are still required to conform to procedural rules and obey court orders. *Saint Vil v. Perimeter Mortg. Funding Corp.*, 717 F. App'x 912, 915 (11th Cir. 2017). District courts possess the ability to dismiss a case for want of prosecution based on two possible sources of authority: Fed. R. Civ. P.

41(b) or their inherent authority to manage their dockets. *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 863 (11th Cir. 2008) (citing *Betty K Agencies Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also Thomas v. Montgomery Cty. Bd. of Educ.*, 170 F. App'x 623, 625 (11th Cir. 2006). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is within the court's discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). A district court has inherent authority to manage its own docket to achieve the orderly and expeditious disposition of cases and may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. *Riddell v. Florida*, 702 F. App'x 869, 871 (11th Cir. 2017). In exercising its authority over the docket, a district court need not tolerate defiance of reasonable orders. *Id.* (citations removed).

Here, Plaintiff has failed to comply with this Court's Order directing him to pay the $400 filing fee. (Doc. 8). Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Complaint (Doc. 1) be DISMISSED for failure to prosecute and abide by orders of the Court. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before May 6, 2019**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the

right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).  Plaintiff is advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

    Done this 22nd day of April, 2019.


                                      /s/ Stephen M. Doyle
                                    UNITED STATES MAGISTRATE JUDGE